TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

DUSTIN J. WEISMAN (CO Bar. No. 44818)
Trial Attorney
ERIKA NORMAN (CA Bar No. 268425)
Senior Trial Attorney
United States Department of Justice
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 598-9063 (Weisman)
Telephone: (202) 598-0475 (Norman)
Facsimile: (202) 305-0506
dustin.weisman@usdoj.gov
erika.norman@usdoj.gov

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PENDLETON DIVISION

| | |
|---|---|
| BLUE MOUNTAINS BIODIVERSITY PROJECT,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG P. TRULOCK, Forest Supervisor, Malheur National Forest, in his official capacity; and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>    Defendants. | No. 2:21-cv-1033-HA<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY** |

I.   **Introduction**

Over a month after Defendants filed their cross-motion for summary judgment reply (ECF No. 41) ("Defendants' Reply"), Plaintiff now seeks to submit additional briefing. Pl.'s Mot. for Surreply 2[1], ECF No. 44 ("Mot." or "Motion"). Because Plaintiff provides no excuse for the delay in filing its motion for a surreply and because its untimely request contravenes the Court's Rules, it should be denied. Even if the Court opts to excuse Plaintiff's untimely submission, Plaintiff's motion should be denied because Plaintiff has failed to demonstrate that Defendants' Reply raised new arguments. The arguments Plaintiff seeks to make in its surreply could, and should, have been made in Plaintiff's earlier briefing.

II.  **Argument**

Neither the Court's scheduling order (ECF No. 19) nor Local Rules contemplate the filing of a surreply. *See* LR 7-1. Rather, the Court's Rules make clear that "[u]nless directed by the Court, no further briefing is allowed other than the briefing allowed under LR 56-1(b)." LR 7-1(f)(3). That Rule—LR 56-1(b)—provides a narrow exception for a surreply when "an evidentiary objection is raised by the moving party in its reply memorandum." And in that case, "the non-moving party may file a surreply memorandum . . . *within seven days* addressing only the evidentiary objection. . . ." LR 56-1(b)(emphasis added).

Here, Defendants did not make an evidentiary objection in their reply brief, and Plaintiff did not seek to file its proposed surreply within seven days[2], but rather waited 40 days. In the

---

[1] Page number references in this response refer to the ECF page numbering.
[2] Although LR 56-1(b) applies specifically to an "evidentiary objection," and is silent regarding new arguments, its requirement that the surreply be filed within seven days should logically apply to both.

Page 1 -   **Defs.' Resp. in Opp. To Pl.'s Mot. for Surreply**; *Blue Mountain Biodiversity Project v. Trulock*, Case No. 2:21-cv-01033-HA

intervening time this Court scheduled oral argument on the parties' motions (*see* ECF No. 42) and counsel for Defendants have begun preparation for the oral argument. The untimeliness of Plaintiff's motion, standing alone, is sufficient grounds for denial.

Even if the Court were to overlook the untimeliness of Plaintiff's motion, it should still be denied because a surreply is not proper. A narrow exception to the Court's Rules, "a surreply is permitted only when new arguments are raised in the reply," does not apply here. *Smith v. City of Medoford*, No. 1:17-cv-00931-CL, 2020 WL 12969189, at *3 (D. Or. Apr. 13, 2020). Plaintiff claims Defendants raised three new arguments in their Reply, but none of the three arguments are new.

First, Plaintiff argues that Defendants' Reply "cit[es] to a case not used by either party in earlier briefs to contest an argument not made by [Plaintiff] regarding one of [Plaintiff's] claims." Mot. 2-3. Although Plaintiff references a new *case* that "had not been cited by any brief filed by either party," Plaintiff does not identify any new *argument* made by Defendants. *See id*. A surreply is not appropriate simply because a party cites a new *case*, but rather, a reply must raise a new *argument*. *See Smith*, 2020 WL 12969189, at *3. Here, Plaintiff does not even contend that Defendants' argument in their Reply is new, but rather claims the argument "mischaracterize[s] [Plaintiff's] position." Mot. 3. Defendants disagree that their Reply mischaracterized Plaintiff's position, but even if Plaintiff is correct, the Court can discern so for itself simply by reading the parties' briefs. A surreply is unnecessary. Rather than address a *new* argument, Plaintiff's surreply seeks to supplement briefing on an existing argument. *See* Pl.'s Prop. Surreply 1-3, ECF No. 44-1. Specifically, Plaintiff's proposed surreply attempts to rectify the flaws in *Plaintiff's argument*, which Defendants' Reply merely exposed, by shifting their position. *See id*.

Page 2 -    **Defs.' Resp. in Opp. To Pl.'s Mot. for Surreply**; *Blue Mountain Biodiversity Project v. Trulock*, Case No. 2:21-cv-01033-HA

Second, Plaintiff argues that Defendants' "Reply [] presents a new argument regarding their assertion that [Plaintiff] has waived its claims regarding the flawed cumulative effects analyses for certain resources including 'fish species, watersheds, snags and primary cavity excavators." Mot. 3. The chief problem with Plaintiff's assertion is that it is not true; the waiver argument Plaintiff claims is "new" was addressed in prior briefing. *See* Defs.' Cross-Mot. for Summ. J. ("Cross-Motion"), ECF No. 32 at 35, n. 12; Pl.'s Summ. J. Reply ("Plaintiff's Reply"), ECF No. 38 at 28, n.19. Indeed, the first citation Plaintiff references to support its claim is the section in Defendants' Cross-Motion for Summary Judgment that addressed this argument three months before Defendants' Reply. *See* Mot. 3; ECF No. 32 at 35, n.12. Plaintiff's proposed surreply claims that Defendants' Reply "makes a completely new and inconsistent waiver argument," but does not specify how the argument in the Reply is any different from Defendants' argument in their Cross-Motion. ECF No. 41-1 at 5. Instead of addressing a genuinely new argument, Plaintiff seeks to use its proposed surreply as a vehicle to supplement its prior arguments by attempting to characterize Defendants' position as inconsistent. Even if Defendants' position is inconsistent (it is not)[3], the Court can discern so for itself simply by

---

[3] Defendants' argument in their Cross-Motion that "Plaintiff's motion for summary judgment does not challenge the Forest Service's cumulative impacts analysis of fish species, watersheds, snags, and primary cavity excavators" is accurate. ECF No. 32 at 35, n.12. So too is Defendants' argument in their Reply that "Plaintiff failed to raise this [(cumulative impacts argument concerning wildlife)] . . . in their [Motion for Summary Judgment]." ECF No. 41 at 10. Now, in the proposed surreply, as it did in Plaintiff's Reply, Plaintiff contends that Plaintiff's Motion for Summary Judgment, ECF No. 24, did address the cumulative impacts of the site-specific amendments on wildlife. *See* ECF No. 44-1 at 5-6; ECF No. 38 at 28, n.19. Plaintiff is wrong. The sections of its Summary Judgment Motion that Plaintiff claims addressed cumulative impacts to wildlife—Section II(b)(i) and (ii)—fall under a parent section discussing "Inconsistent and Improper *Geographic Scope* for [] Cumulative Effects Analysis." ECF No. 24 at 18-19, 22 (emphasis added); *see* ECF No. 38 at 23, n. 19; ECF No. 44-1 at 3-4. As Defendants argued in both their Cross-Motion and Reply, Plaintiff did "not challenge the Forest

Page 3 -    **Defs.' Resp. in Opp. To Pl.'s Mot. for Surreply**; *Blue Mountain Biodiversity Project v. Trulock*, Case No. 2:21-cv-01033-HA

reading the parties' briefs.  A surreply is to be used to address *new* arguments, not allegedly *inconsistent* arguments.  *See Smith*, 2020 WL 12969189, at *3.

Third, Plaintiff argues that Defendants' Reply offers a new "post-hoc 'analysis' regarding impacts of the Camp Lick Project to MCR steelhead and redband trout." Mot. at 3.  Specifically, Plaintiff takes issue with Defendants pointing out—in response to allegations made by the Plaintiff in Plaintiff's Reply (Pl.'s Reply, ECF No. 38 at 24)—that Camp Lick project *activities* will occur within a smaller area than the entire project planning area and therefore the amount of MCR steelhead and redband trout habitat that could be affected by project activities is not *all* of the habitat within the entire planning area (as Plaintiff asserted).  ECF No. 41 at 10-11.  This is not a new, improper "post-hoc analysis," but a direct, record-based response to one of Plaintiff's assertions.  In particular, Plaintiff asserted in its Reply that "the Project could impact 8.4% of suitable habitat for MCR Steelhead" and "4.4% of suitable habitat for redband trout."  ECF No. 38 at 24.  Defendants  responded by clarifying that while MCR Steelhead occupy approximately 32.25 miles of habitat within the planning area (about 8.4% of available habitat Forest-wide), because only 34% of the Project area is proposed to be treated, only approximately 2.9% of Steelhead habitat within the project area *could* be impacted by the proposed activities, not the entire 8.4%.  ECF No. 41 at 10-11.  Defendants similarly responded with respect to redband trout, explaining that only about 1.5% of redband trout habitat within the Project area *could* be impacted by the proposed activities.  *Id.*

---

Service's cumulative impacts analysis of fish species, watersheds, snags, and primary cavity excavators" as evidenced by the lack of discussion of these resources in the section of Plaintiff's Motion for Summary Judgment—Section II(a)—devoted to cumulative effects analysis of resources: "The Forest Service Failed to Analyze Cumulative Effects on Multiple Resources, Including the Cumulative Effects of Multiple Site-Specific Forest Plan Amendments, in Violation of NEPA []."  ECF No. 24 at 24; *see* ECF No. 32 at 35, n. 12; ECF No. 41 at 7.

Page 4 -    **Defs.' Resp. in Opp. To Pl.'s Mot. for Surreply**; *Blue Mountain Biodiversity Project v. Trulock*, Case No. 2:21-cv-01033-HA

Defendants' response endeavored to clarify that only about a third of the larger project area would host activities (a fact disclosed in the Final EA) and to correct Plaintiff's mischaracterization that every mile of Steelhead and redband trout habitat would be impacted by the Project when the record is clear that it will not be. These assertions do not justify a surreply. If they did, the general prohibition on further briefing would be eclipsed by exceptions in nearly every case.

Plaintiff also avers that Defendants' Reply "for the first time, attempt[s] to explain why the Camp Lick Decision Notice contained an 'analysis' of cumulative impacts to certain aquatic species by incorrectly labeling it 'new information.'" Mot. at 3. Again, Plaintiff takes issue with Defendants responding to Plaintiff's own arguments. In its Reply, Plaintiff claimed that supplemental NEPA was needed because the Decision Notice contained analysis of the Big Mosquito Project and 2019 ESA documents that was *not* in the Final EA. ECF No. 38 at 44-45. In other words, Plaintiff argued that the Decision Notice itself contained new analysis and information. This, Plaintiff implied, demonstrates that the new analysis information is significant and thus warrants additional NEPA analysis. *See id*. In their Reply, Defendants responded that the information in question was included in the Decision Notice not because it was significant (as argued by the Plaintiff), but because it wasn't and to explain the agency's determination that supplemental NEPA was not required. ECF No. 41 at 18.

As demonstrated above, Plaintiff's proposed surreply does not address new legal arguments; it re-hashes prior arguments and attempts to fill in gaps in Plaintiff's prior briefing. These are not proper uses of a surreply. *Kaufman v. Aversa Orrego*, No. 1:19-cv-01240-MC, 2020 WL 3077866, at *3 (D. Or. Jun. 10, 2020) (denying leave to file a surreply when the moving party's reply did "not raise any substantive arguments not previously presented in the

Page 5 -      **Defs.' Resp. in Opp. To Pl.'s Mot. for Surreply**; *Blue Mountain Biodiversity Project v. Trulock*, Case No. 2:21-cv-01033-HA

renewed Motion for Summary Judgment"). For this reason the Court should deny Plaintiff's motion.

### III.    Conclusion

For all of the aforementioned reasons, the Court should deny Plaintiff's motion for leave to file a surreply. Alternatively, if the Court grants Plaintiff's motion, Defendants respectfully request that it permit Defendants to file a response to the surreply within 7 days, not to exceed three pages in length.

DATED:  September 8, 2022.

TODD KIM
Assistant Attorney General
United States Department of Justice

*/s/ Dustin J. Weisman*
DUSTIN J. WEISMAN (CO Bar No. 44818)
Trial Attorney
ERIKA NORMAN (CA Bar No. 268425)
Senior Trial Attorney
United States Department of Justice
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 598-9063 (Weisman)
Telephone: (202) 598-0475 (Norman)
Facsimile:  (202) 305-0506
dustin.weisman@usdoj.gov
erika.norman@usdoj.gov

*Attorneys for Defendants*
