# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG P. TRULOCK**, Forest Supervisor, Malheur National Forest, in his official capacity; and **UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>Defendants. | Case No. 2:21-cv-01033-HL<br><br>**OPINION AND ORDER ADOPTING IN FULL AND SUPPLEMENTING IN PART THE FINDINGS AND RECOMMENDATION** |

Thomas Charles Buchele, Earthrise Law Center, 10101 S. Terwilliger Blvd., Portland, OR 97219. Austin Thomas Starnes, Blue Mountains Biodiversity Project, 5113 SE 30th Ave., Apt. 237, Portland, OR 97202. Attorneys for Plaintiff.

Dustin Weisman, Department of Justice, Environmental and Natural Resources Division, 999 18th Street, South Terrace, Suite 370, Denver, CO 80228. Erika Danielle Norman, Department of Justice, Environmental and Natural Resources Division, 150 M Street, NE, Washington, D.C. 20002. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portions of Judge Hallman's Findings and

Recommendation ("F&R"), ECF 53, to which Plaintiff objected. For the following reasons, the

PAGE 1 – OPINION AND ORDER

Court ADOPTS in full and SUPPLEMENTS in part Judge Hallman's F&R and therefore GRANTS summary judgment to Defendants on all of Plaintiff's claims. The following opinion will supplement Judge Hallman's conclusions that the National Forest Management Act ("NFMA") (i) does not require that the U.S. Forest Service identify a "unique" attribute present at the location of a site-specific amendment within a forest plan and (ii) does not require a finding of de facto significance whenever a site-specific amendment shares similarities with past or future amendments.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff objects to Judge Hallman's F&R on two grounds. First, Plaintiff argues that "unique site characteristics are the only evidence that can rationally support the decision to use a site-specific amendment rather than amending the Forest Plan as a whole." Plaintiff's Objections to F&R ("Pl.'s Objs."), ECF 61 at 4. Second, Plaintiff argues that Defendants' "use of site-specific amendments . . . constitutes a *de facto* significant amendment requiring an EIS

PAGE 2 – OPINION AND ORDER

[("Environmental Impact Statement")]." *Id.* at 15 (capitalization omitted). This Court rejects these assertions for the reasons below.

**A.  There Is No Uniqueness Requirement Under NFMA or the APA**

To start, the texts of NFMA and the Administrative Procedure Act ("the APA") do not contain a uniqueness requirement. "It is a fundamental principle of statutory interpretation that absent provisions cannot be supplied by the courts. This principle applies . . . to imposing limits on an agency's discretion that are not supported by the text." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2381 (2020) (citations and quotation marks omitted). NFMA's text does not mention "uniqueness"; rather, it provides that forest plans may "be amended *in any manner whatsoever*," so long as a proposed amendment does not amount to a "significant change in such plan." 16 U.S.C. § 1604(f)(4) (emphasis added). And as relevant here, the APA only directs that agency actions be "set aside" if they are "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). Under this standard of review, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). "[A] court," however, "is not to substitute its judgment for that of the agency." *FCC v. Fox Tel. Stations, Inc.*, 556 U.S. 502, 513 (2009) (internal quotation marks omitted). Thus, beyond the APA's and NFMA's "minimum requirements," this Court cannot impose an independent uniqueness requirement on the Forest Service. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 102 (2015) ("[C]ourts lack authority to impose upon an agency its own notion of which procedures are best or more likely to further some vague, undefined public good." (internal quotation marks, brackets, and citations omitted)).

PAGE 3 – OPINION AND ORDER

Under those minimum requirements, as Judge Hallman explained, "to amend at the site-specific level, rather than the general forest, there must be a rational explanation for the site-specific amendment that is supported by the record." F&R, ECF 53 at 11. Ninth Circuit precedent adheres to this deferential standard of review. In *Lands Council v. Martin*, the Ninth Circuit considered whether by instituting a site-specific logging project in a forest, "the Forest Service arbitrarily enacted a *site-specific* amendment, particular to this salvage project, rather than a *general* amendment, applicable to all parts of the forest." 529 F.3d 1219, 1228 (9th Cir. 2008). This amendment in the Umatilla National Forest would have permitted salvage logging on 9,423 acres out of 28,000 total acres that were scorched by a forest fire. *Id.* at 1222. The Ninth Circuit held that the site-specific amendment was not arbitrary or capricious under the APA. *Id.* at 1228. In so holding, the Ninth Circuit explained that "evidence in the record *suggest[ed]* that the chosen" amendment would not be appropriate for "trees affected by prescribed burning, flooding, disease, insect infestation, or any number of other causes of tree mortality." *Id.* (emphasis added). Rather, the record suggested that the site-specific amendment was rationally connected to "assess[ing] the effects of a *wildfire* on the species of trees found in the affected forest." *Id.* (emphasis added).

*Martin* therefore imparts two rules for applying NFMA and the APA to site-specific amendments. First, a site-specific amendment need not be wholly unique to the site; after all, the site chosen by the Forest Service was merely a fraction of a larger portion of the Umatilla National Forest that was damaged by a forest fire. Second, the evidence on the record merely needs to "suggest" that the Forest Service reasonably amended the ecological requirements for one site within a larger forest plan. *Martin* itself drew these lessons from an earlier Ninth Circuit opinion: *Native Ecosystems Council v. Dombeck*, 304 F.3d 886 (9th Cir. 2002). *Dombeck*

PAGE 4 – OPINION AND ORDER

concerned an exemption to a logging site from a forest plan's road density requirements. 304 F.3d at 890–91. As *Martin* describes *Dombeck's* holding, "even though waiver of the same requirement appeared likely in other timber sales" within the same forest plan, "the waiver . . . , due to site-specific characteristics and based on the Forest Service's expertise was reasonable." 529 F.3d at 1228 (citing 304 F.3d at 900). Thus, under *Dombeck*, as well as *Martin*, a "site-specific characteristic" is not necessarily a unique one: it need only be an attribute present on the site subject to amendment, and the agency need only provide a "rational connection between the facts found"—such as the attribute in question—"and the choice made," i.e., the site-specific amendment. *State Farm*, 463 U.S. at 43; *see also Friends of the Bitterroot v. Marten*, No. 20-19-M-DLC, 2020 WL 5804251, at *10 (D. Mont. Sept. 29, 2020) (holding that *Martin* and *Dombeck* "undercut Plaintiff's argument that a site-specific characteristic must be one that is unique and therefore not present anywhere else on the forest.").

Plaintiff primarily relies on *League of Wilderness Defenders v. Connaughton*, No. 3:12-cv-02271-HZ, 2014 WL 6977611 (D. Or. Dec. 9, 2014), but this is unavailing. *See* Pl.'s Objs., ECF 61 at 5–10. Although *Connaughton* stated that "there must be at least some characteristics unique to a site to support a site-specific amendment," 2014 WL 6977611, at *30, that decision's analysis of the Forest Service's actions there also follows traditional APA review. In *Connaughton*, plaintiffs challenged the Forest Service's decision to permit commercial logging in portions of the Wallowa Whitman National Forest. *Id.* at *1. Among several arguments, plaintiffs asserted that any Forest Service "decision to use a site-specific amendment to address a forest-wide problem is not rational." *Id.* at *28. The court seemingly agreed with plaintiffs, as Plaintiff here points out in its briefing. *Id.* at *30; *see* Pl.'s Objs., ECF 61 at 5–10. But *Connaughton* also reasoned that the Forest Service there was "unable to provide *any* explanation

PAGE 5 – OPINION AND ORDER

other than the fact that the amendment was tailored and applicable only for the Project area." 2014 WL 6977611, at *30 (emphasis added). This lack of explanation, *Connaughton* held, could "not satisfy the rational connection between the facts found and the choice made." *Id.* In substance, then, *Connaughton* simply applied the APA's "minimum requirements" to the Forest Service's explanation (or lack thereof). The decision did not—in contravention of NFMA, the APA, and first principles of administrative law—impose a freestanding uniqueness requirement on the Forest Service.

In sum, this Court holds that Judge Hallman's rejection of Plaintiff's "uniqueness" requirement under NFMA was correct as a matter of law. Because Judge Hallman properly applied a deferential standard of review to Defendants' findings, the Court ADOPTS Judge Hallman's conclusions.[1]

## B. A Site-Specific Amendment Cannot Constitute a De Facto Significant Amendment

Next, Plaintiff contends that the Forest is "necessarily bound" to a "cumulative analysis at the Forest-level scale" whenever it institutes a site-specific amendment to a forest plan. Pl.'s Objs, ECF 61 at 15. Judge Hallman held that the text of the relevant regulations could not bear this meaning. *See* F&R, ECF 53 at 15–16.

The Court agrees with Judge Hallman's conclusion. In promulgating the latest version of 36 C.F.R. § 219.13(b)(3), the Forest Service expressly provided that "an amendment that applies only to one project or activity is not considered a significant change in the plan for the purposes of NFMA." National Forest System Land Management Planning, 81 Fed. Reg. 90,723, 90,736 (Dec. 15, 2016); *see also id.* at 90,729–30 (stating the same). To the extent that the NFMA

---

[1] Plaintiff did not challenge Judge Hallman's application of arbitrary and capricious review under the APA and instead objected to the asserted lack of unique characteristics justifying the Camp Lick Project. *See* Pl.'s Objs., ECF 61 at 10–15.

regulations are ambiguous, the statement above controls here and thus dispels Plaintiff's argument. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019) ("[W]e presume that Congress intended for courts to defer to agencies when they interpret their own ambiguous rules.").

\* \* \*

For the reasons above, and for the reasons articulated by Judge Hallman, this Court adopts the F&R's conclusions as to Plaintiff's NFMA claims. *See* F&R, ECF 53 at 10–16.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Hallman's F&R to which Plaintiff objected. Judge Hallman's F&R, ECF 53, is adopted in full and supplemented in part. This Court therefore GRANTS summary judgment to Defendants on all of Plaintiff's claims.

**IT IS SO ORDERED**.

DATED this 5th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge