IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG P. TRULOCK**, Forest Supervisor, Malheur National Forest, in his official capacity; and **UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>Defendants. | Case No. 2:21-cv-01033-HL<br><br>**OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE FINDINGS AND RECOMMENDATION** |

Thomas Charles Buchele, Earthrise Law Center, 10101 S. Terwilliger Blvd., Portland, OR 97219. Austin Thomas Starnes, Blue Mountains Biodiversity Project, 5113 SE 30th Ave., Apt. 237, Portland, OR 97202. Attorneys for Plaintiff.

Dustin Weisman, Department of Justice, Environmental and Natural Resources Division, 999 18th Street, South Terrace, Suite 370, Denver, CO 80228. Erika Danielle Norman, Department of Justice, Environmental and Natural Resources Division, 150 M Street, NE, Washington, D.C. 20002. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portions of Judge Hallman's Findings and Recommendation ("F&R"), ECF 70, to which Plaintiff objected. For the following reasons, this Court ADOPTS the F&R as SUPPLEMENTED below.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Following de novo review, this Court adopts without modification Judge Hallman's discussion of the equitable factors for denying a bill of costs and his conclusion rejecting Plaintiff's objections to Defendants' Bill of Costs. *See* F&R, ECF 70 at 3–5. This Court supplements Judge Hallman's analysis only to address Plaintiff's new arguments regarding the sufficiency of Defendants' Bill of Costs under Local Civil Rule 54-1(a)(1). That rule provides:

> Not later than 14 days after entry of judgment or receipt and docketing of the appellate court's mandate, the prevailing party may file and serve on all parties a Bill of Costs that provides detailed itemization of all claimed costs. The prevailing party must file an affidavit or declaration and appropriate documentation.

PAGE 2 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R

To begin with, Plaintiff argues that Defendants did not provide a "detailed itemization of all claimed costs." *See* Plaintiff's Objections to F&R ("Pl.'s Objs."), ECF 72 at 11–12. This Court disagrees. Although block-billing may be inappropriate for attorneys who charge an average hourly rate of $344 and perform a wide-range of discrete tasks,[1] a bill of costs need only "represent a calculation that is reasonably accurate under the circumstances." *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006) (citations omitted). Here, Defendants' third-party vendor charged $35 an hour for indexing documents, converting those documents to PDF format, making the PDF pages searchable, Bates stamping the PDF pages, and preparing hyperlinked indexes—resulting in a total cost of $3,232.20 for an administrative record spanning thousands of pages. *See* Invoice, ECF 69-1; Declaration of Stacey Grimes, ECF 65-1 ¶ 8. Under the circumstances, it would have been reasonable for the third-party vendor to index, convert, hyperlink, make searchable, and Bates stamp the documents page-by-page, rather than performing a single task for every page before switching to the next task. If the vendor did the former, it would have been unduly onerous to itemize costs in Plaintiff's desired manner. *See* Defendants' Response to Pl.'s Objs., ECF 74 at 4 ("Unlike fee petitions that encompass multiple unrelated tasks, preparation of an administrative record involves multiple connected administrative tasks that are performed together."). In light of the foregoing circumstances, this Court views the invoice provided by Defendants as sufficiently detailed under Local Civil Rule 54. Indeed, the bill of costs approved by Federal District Judge Michael McShane in *Wild v. U.S. Forest Service* is virtually identical to the bill of costs submitted here. *See* Bill of Costs at 3, Wild v. U.S. Forest Serv., Case No. 1:22-cv-01007-MC (D. Or. Aug. 17, 2023), ECF No. 42.

---

[1] Debi Elliott et al., *Oregon State Bar 2022 Economic Survey: Report of Findings* 42 (March 2023), https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

PAGE 3 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R

Nonetheless, Plaintiff contends that this Court should reject Defendants' Bill of Costs because Defendants did not timely provide the invoice to Plaintiff. *See* Pl.'s Objs., ECF 72 at 10–11. Although Plaintiff is correct as a technical matter that Defendants did not properly provide "appropriate documentation" in addition to the two declarations initially filed, this Court agrees with Judge Hallman that Defendants' actions amounted to harmless error. *See* F&R, ECF 70 at 6 n.1. Defendants timely provided two declarations reflecting the contents of the invoice—therefore, the lack of a timely invoice did not affect Plaintiff's "substantial rights." *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (citation omitted); *see John M. Floyd & Assocs., Inc. v. TAPCO Credit Union*, 550 F. App'x 359, 361 (9th Cir. 2013) (finding that untimeliness under a local rule was "harmless"); *Andrade v. Cho*, No. 21-16051, 2022 WL 12325356, at *2 (9th Cir. Oct. 21, 2022) (likewise applying harmless error to a technical violation of local rules).

## CONCLUSION

This Court has reviewed de novo the portions of Judge Hallman's F&R to which Plaintiff objected. The F&R, ECF 70, is adopted as supplemented above. This Court overrules Plaintiff's objections to Defendants' Bill of Costs, ECF 67, and awards Defendants $3,232.20 in costs.

**IT IS SO ORDERED**.

DATED this 31st day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R